IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

STATE OF NEW MEXICO,

    Plaintiff,

v.                                                                                                CIV. No. 00-576 JP/KBM

CARLOS L. DIAZ & MYRNA DIAZ,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This issue comes before the Court *sua sponte*. On April 21, 2000 Defendants Carlos L. Diaz and Myrna Diaz filed a Notice of Removal to Federal District Court under 28 U.S.C. § 1443 seeking to remove two criminal cases, Nos. 97-3609 and 97-3610, from the Second Judicial District, Bernalillo County, State of New Mexico. In Defendants' Memorandum in Support of Notice of Removal of Case to Federal District Court, they state, "[e]ven though Defendants are *not now under indictment* and the *case has been dismissed without prejudice*, Plaintiff is continuing to pursue the Defendants with a letter to the Diaz's from Bernalillo County District Attorney office reinforcing it's [sic] illegal actions by scheduling another grand jury for the Diaz's under the jurisdiction of the 2nd judicial district court." (Memo. at ¶ 12.) Because the cases Defendants seek to remove to this Court have apparently been dismissed without prejudice, there are no cases now pending in state district court that could possibly be removed to this Court. Therefore, this case is moot.

Even if Defendants' criminal cases were still pending in state court, this case should be remanded because removal under 28 U.S.C. § 1443 was improper. Section 1443 states:

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
>   (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
>   (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

"[S]ubsection [two] of the removal statute is available only to federal officers and to persons assisting such officers in the performance of their official duties." *City of Greenwood v. Peacock*, 384 U.S. 808, 815 (1966). Because Defendants do not claim to be federal officers or persons assisting such officers in the performance of their official duties, Defendants' removal under 28 U.S.C. § 1443(2) is defective.

"[A] removal petition under §28 U.S.C. 1443(1) must satisfy a two-pronged test. First, it must appear that the right allegedly denied the removal petitioner arises under a federal law 'providing for specific civil rights stated in terms of racial equality.' ... Second, it must appear, in accordance with the provisions of § 1443(1), that the removal petitioner is 'denied' or cannot enforce' the specified federal rights 'in the courts of [the] State.' " *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975) (citations omitted). Because Defendants' removal petition fails to satisfy this two-pronged test, this case should be remanded for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

IT IS THEREFORE ORDERED that this case is remanded to the Second Judicial District Court, County of Bernalillo, State of New Mexico.

_____
UNITED STATES DISTRICT JUDGE